[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13361
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 13, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00028-CR-AAA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK RUGGIERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 13, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Mark Ruggiero appeals the 21-month prison sentence he received after

pleading guilty to knowingly and unlawfully transferring and attempting to transfer obscene matter to an individual under the age of 16, in violation of 18 U.S.C. § 1470. He presents two issues: (1) whether, in determining the appropriate sentence range under the Sentencing Guidelines, the district court erred in enhancing his base offense level by seven levels pursuant to U.S.S.G. § 2G3.1(b)(1)(E) for facilitating the travel of a minor to engage in sexual conduct, and (2) whether his sentence is unreasonable.

## I.

Section 2G3.1(b)(1)(E) of the Guidelines provides for a seven-level enhancement of the base offense level if the offense of conviction involved "[d]istribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G3.1(b)(1)(E). Subsection D of that same section provides for a six-level increase if the offense involved "[d]istribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E)." U.S.S.G. § 2G3.1(b)(1)(D).

The district court did not clearly err in finding that Ruggiero qualified for the seven-level enhancement provided by § 2G3.1(b)(1)(E).[1] As the Government

_____

[1] We review the district court's factual findings for clear error and its application of the Guidelines to those facts de novo. United States v. Hromada, 49 F.3d 685, 688 (11th Cir.1995).

properly notes, facilitating travel is only one of five different ways that a defendant can qualify for the seven-level enhancement under this section, with the others being to persuade, induce, entice, or coerce. See U.S.S.G. § 2G3.1(b)(1)(E). As the facts of this case clearly demonstrate that, during his trip to Washington, Ruggiero intended to have sexual intercourse with a minor, and intended to induce a minor to have sexual intercourse with him, the seven-level enhancement was warranted.

## II.

A defendant challenging his sentence as unreasonable bears the burden of proof. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005); he must convince us that the sentence the district court imposed constituted an abuse of discretion. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007).

In Gall, the Supreme Court held that our review of a sentence for reasonableness involves a two-step process. First, we must ensure that the district court committed no significant procedural error. Gall, 522 U.S. at __, 128 S.Ct. at 597; see also United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). Second, after we have determined that the court committed no procedural error, we must ensure that the sentence is substantively reasonable. See Gall, 522 U.S. at __,

128 S.Ct. at 597.

A district court's sentencing decision is procedurally sound if the court correctly calculated the defendant's Guidelines sentence range, treated the Guidelines as advisory, considered the factors listed in 18 U.S.C. § 3553(a), selected a sentence that was based on facts that were not clearly erroneous, and adequately explained the chosen sentence, including any deviation made from the applicable sentencing range. Id. A sentence is substantively reasonable if the district court acted within its discretion in determining that the § 3553(a) factors supported the sentence and then justified any deviation from the applicable sentence range. Id. at 600.

The factors presented in § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786; see 18 U.S.C. § 3553(a). A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]"

4

United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (internal citation omitted).

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). Thus, we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (internal quotation omitted). Although a sentence at the low end of the applicable guideline range is not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 786, 788.

In this case, the district court did not err in calculating Ruggiero's applicable sentence range, nor did the court treat the Guidelines as mandatory. As such, Ruggiero's sentence is procedurally sound. Ruggiero's sentence is likewise substantively reasonable. Before pronouncing sentence, the district court noted that it had considered the statements of the parties, the facts of the case, and the pre-sentence investigation report, which contained the recommended, but not mandatory, Guidelines sentence range. The court further observed that it had

considered Ruggiero's health problems, and found that he would be eligible for treatment by the Bureau of Prisons, therefore declining to deviate from the Guidelines sentence range on that basis. Because the Guidelines did not authorize a sentence of home imprisonment, and because there is no indication that the "district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," Ruggiero's argument that he should have been sentenced to home confinement, rather than imprisonment, fails to demonstrate that his sentence was unreasonable. See McBride, 511 F.3d at 1297-98.

AFFIRMED.